UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                  ORDER

HUMBERTO MORALES,                  10-CR-392-8 (CS)

            Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Humberto Morales' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1268), and the Government's opposition thereto, (Doc. 1270).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d

Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On January 27, 2012, Defendant was sentenced principally to 195 months' imprisonment on his convictions for crack conspiracy and using a firearm in connection with that drug trafficking offense. (Doc. 427.) That sentence was at the low end of his Sentencing Guidelines range of 195-228 months. (Pre-Sentence Report ¶ 91.) Defendant is due to be released on or about December 1, 2025.

Defendant argues that the dangers posed by the coronavirus pandemic to those in prison, combined with his medical condition, present an extraordinary and compelling circumstance. But the condition to which he points – asthma – has not been identified by the Centers for Disease Control ("CDC") as a factor that increases the risk of a severe case if one were to contract COVID-19. Only moderate-to-severe asthma is a risk factor, and there is no indication that Defendant's case is moderate-to-severe.[1] Further, Defendant has been vaccinated against the virus. Finally, while FCI Fort Dix, where Defendant is incarcerated, had a serious outbreak of COVID-19, it appears to have passed, with (according to BOP) no current inmates or staff currently positive, down from a high of 797 on January 12, 2021 (according to the Department of Justice Office of Inspector General COVID-19 Dashboard).

In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)."

---

[1] His medical records indicate that he uses an inhaler "PRN" – meaning "as needed." The Government shall send Chambers a hard copy of the medical records for filing under seal.

2

*United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases), *reconsideration denied*, 2020 WL 5912811 (Oct. 6, 2020) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).  Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level.  I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Johnson*, No. 98-CR-860, 2021 WL 1207314, at *4 (E.D.N.Y. Mar. 31, 2021); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Nor does Defendant's admittedly difficult upbringing, a mitigating factor that I already took into account in determining the original sentence.  *See United States v. Petersen*, No. 16-CR-109, 2021 WL 217425, at *2 (D. Conn. Jan. 21, 2021) ("troubled upbringing" already considered in crafting appropriate sentence); *United States v. Walters*, No. 15-CR-644, 2021 WL 165107, at *3 (S.D.N.Y. Jan. 19, 2021) (court already took into account defendant's "extremely challenging upbringing as a young person").

Finally, while Defendant's work, programming and lack of discipline in prison are commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C.A. § 994(t).  While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see*

3

*also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Making good use of one's time and obeying the rules in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("Finding the existence of extraordinary and compelling circumstances where a defendant has virtually no disciplinary record would expand the extremely narrow circumstances in which Congress permitted courts to award such relief to a remedy handed out as a matter of course especially when model prison conduct is expected.") (cleaned up).

Because, for the reasons stated above, Defendant has not shown extraordinary and compelling circumstances, I need not reach the § 3553(a) factors, except to note that the points made by the Government in that regard are persuasive.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 23.

Dated: July 14, 2021
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.