UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                  ORDER

HUMBERTO MORALES,                       No. 10-CR-392-8 (CS)

                 Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Humberto Morales's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 1331), and the Government's response thereto, (ECF No. 1333.)

      On January 27, 2012, Defendant was sentenced principally to: (1) 135 months' imprisonment, reduced by 24 months pursuant to U.S.S.G. § 5G1.3(b) to reflect state time served for relevant conduct, on his conviction for narctoics conspiracy; and (2) 60 months' imprisonment, to run consecutive to any other sentence, for his conviction for use of a firearm in connection with a narcotics conspiracy. (ECF No. 427.) He argues that his sentence should be reduced because: 1) he would receive a lower sentence if he were sentenced today; and 2) the Bureau of Prisons ("BOP") has miscalculated his release date.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical

condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances[1]; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).[2] A sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility and waited at least thirty days for a response. *See* 18 U.S.C. § 3582(c)(1)(A).

The Government disputes that Defendant has exhausted the instant application, but I will assume for the sake of argument that he has.

Defendant relies on two not-yet-effective amendments to the Sentencing Guidelines. The first – if Congress does not block it – will allow an "unusually long sentence," of which the inmate has served at least ten years, to serve as an extraordinary and compelling reason if a change in law (other than a Guidelines amendment that has not been made retroactive) would

---

[1]The family circumstances described in the Application Note are the death or incapacitation of the caregiver of the defendant's minor child or children, and the incapacitation of the defendant's spouse or registered partner where the defendant would be the only available caregiver for the spouse or partner. U.S.S.G. § 1B1.13 p.s., comment. (n.1(C)).

[2]The Court will send Defendant copies of any unpublished decisions cited in this Order.

produce a gross disparity between the sentence imposed and the sentence likely to result if sentencing occurred at the time of the motion.  The second – if Congress does not block it – will eliminate "status points" – that is, the two-level increase in offense level if the offense was committed while the defendant was under a criminal justice sentence.  *See* https://www.ussc.gov/policymaking/federal-register-notices/federal-register-notice-submission-2023-amendments-congress at 10-11, 89 (last visited Aug. 28, 2023).  Even if I were to assume that these amendments will go into effect, and to assume that the latter would be retroactive, they do not assist Defendant, because he was not assessed any status points in his Guidelines calculation.  (*See* Pre-Sentence Report at 10-11.)  He has thus not shown an extraordinary and compelling reason

     Defendant may be correct that BOP has incorrectly interpreted the sentence.  As the transcript (which the Government has sent to BOP (*see* ECF No. 1333 at 14 n.10)) makes clear, but which perhaps I did not make sufficiently clear in the Judgment, (ECF No. 427),  my intention was and is that the 135 month term on Count One be reduced by 24 months (spent in state custody for relevant conduct) pursuant to U.S.S.G. § 5G1.3(b), for a sentence of 111 months.  But, as the Government correctly explains, (*see* ECF No. 1333 at 13-15), a motion under 18 U.S.C. § 3582(c)(1)(A) is not the way to rectify a miscalculation.  The proper vehicle for challenging the execution of a federal sentence is a petition under 28 U.S.C. § 2241.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  An inmate filing such a petition must name his warden as the respondent and file the petition in his district of confinement."  *United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 1206511, at *2 (W.D.N.Y. Mar. 31, 2021), *see United States v. Pena*, 84 F. App'x 118, 120 (2d Cir. 2003).  Further, "[f]ederal prisoners are generally

required to exhaust their administrative remedies prior to challenging conditions of their confinement through the filing of a § 2241 petition . . . [unless] administrative remedies are, effectively, unavailable to an inmate." *Calix v. Pullen*, No. 22-CV-574, 2023 WL 423123, at *3 (D. Conn. Jan. 26, 2023). In pursuing an administrative remedy, Defendant may proffer to BOP what I have said above regarding the 24 months.

Because Defendant has not shown extraordinary and compelling circumstances, I need not address the § 3553(a) factors, except to note that Defendant's recent discipline for possession of a hazardous tool, (*see* ECF No. 1333 at 3 n.2), is not a good sign.

The motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 133 and to send a copy of this Order to Humberto Morales, No. 88351-054, FDC Philadelphia Federal Detention Center, P.O. Box 562, Philadelphia, PA 19105

Dated: August 28, 2023
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.